IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:   STEPHEN ALISON LASSITER and        Case No. 08–31578–KRH
         VICKIE LYNN LASSITER,              Chapter 7

         Debtors.

## MEMORANDUM OPINION

This matter comes before the Court on the Amended Motion for Order Converting Chapter 7 Case to Case Under Chapter 13 (the "Motion to Convert") filed by debtors Stephen and Vickie Lassiter (the "Debtors"). The Motion to Convert was filed after, and solely in response to, the Statement of Presumed Abuse (the "Statement of Abuse") filed by the Office of the United States Trustee (the "U.S. Trustee") in the Debtors' case. A hearing was held on the Motion to Convert on May 3, 2011 (the "Hearing"). At the Hearing, Debtors indicated that they wished to reconsider their Motion to Convert. They asserted instead that conversion was unnecessary as the Statement of Abuse did not apply to their case under the plain meaning of 11 U.S.C. § 707(b)(1). Counsel for the U.S. Trustee and counsel for the Debtors then presented their respective arguments on the applicability of 11 U.S.C. § 707(b)(1) to cases originally filed under Chapters 11, 12, or 13 of Title 11 of the United States Code (the "Bankruptcy Code"), but later converted to Chapter 7 of the Bankruptcy Code. At the conclusion of the Hearing, the Court took the matter under advisement.

Having now considered the filings, the arguments of counsel, and the applicable case law, the Court has determined that 11 U.S.C. § 707(b)(1) applies to cases converted to Chapter 7 from a different chapter of the Bankruptcy Code. This Memorandum Opinion sets forth the Court's

findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52 of the Federal Rules of Civil Procedure.[1]

## Procedural Posture and Facts

The underlying facts of the case are not in dispute. Debtors originally filed a joint bankruptcy petition (the "Petition") under Chapter 13 of the Bankruptcy Code on April 8, 2008. A Chapter 13 Plan was confirmed in the case on August 21, 2008. On October 13, 2010, Debtors moved to convert their case to Chapter 7 pursuant to 11 U.S.C. § 1307(a); Debtors filed a Notice of Conversion on November 2, 2010.[2] The Debtors' Chapter 13 case was converted to Chapter 7 of the Bankruptcy Code by order entered November 3, 2010.

The Debtors attended a new Meeting of Creditors convened pursuant to 11 U.S.C. § 341 on December 17, 2010 in connection with their converted Chapter 7 case. On December 28, 2010, the U.S. Trustee filed the Statement of Abuse pursuant to 11 U.S.C. § 704(b)(1)(A). The U.S. Trustee contends that the product of the Debtors' current monthly income, multiplied by 60, exceeds the limitation imposed by 11 U.S.C. § 707(b)(2)(A). The Debtors filed their Motion to Convert on January 24, 2011 in response to the Statement of Abuse. On March 8, 2011, the Debtors amended the Motion to Convert to raise the issue now before the Court. The Debtors argue that they should not be forced to reconvert their case back to Chapter 13 of the Bankruptcy Code because 11 U.S.C. § 707(b) does not apply to cases such as theirs—cases originally filed under Chapter 13 of the Bankruptcy Code that are later converted to Chapter 7.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

[2] Pursuant to 11 U.S.C. § 1307(a), debtor(s) may convert a case filed under Chapter 13 to Chapter 7 as a matter of right.

2

**Jurisdiction**

The Court has subject-matter jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a), 1334 and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

**Analysis**

Section 707(b) of the Bankruptcy Code[3] permits bankruptcy courts to dismiss or convert a Chapter 7 case for an individual debtor when the debtor has sufficient disposable income to fund a plan under Chapter 11 or 13 of the Bankruptcy Code. Section 707(b)(1) of the Bankruptcy Code specifically permits the court to dismiss a case for abuse. "The presumption of abuse arises if the debtor's total disposable income, as calculated in *§ 707(b)(2)(A)*, is above the minimum threshold set forth in *§ 707(b)(2)(A)(i)* (the "Means Test")." *McDow v. Dudley (In re Dudley)*, 405 B.R. 790, 792 (Bankr. W.D. Va. 2009). In the case before the Court, the Debtors' total disposable income exceeds the minimum threshold established by § 707(b)(2)(A)(i) of the Bankruptcy Code. Accordingly, if 11 U.S.C. § 707(b)(1) applies to the Debtors, their case would be presumed to be an abuse of Chapter 7 of the Bankruptcy Code.

Only one issue is before the Court: Does 11 U.S.C. § 707(b) apply to cases originally filed under Chapter 13 of the Bankruptcy Code that are subsequently converted to Chapter 7, or does it apply only to those cases originally filed under Chapter 7 of the Bankruptcy Code? The critical language is found in 11 U.S.C. § 707(b)(1): "After notice and a hearing, the court . . . may dismiss a case *filed by an individual debtor under this chapter* whose debts are primarily consumer debts . . . ." The Debtors argue that the plain language of 11 U.S.C. § 707(b)(1)

---

[3] Section 707(b) of the Bankruptcy Code was enacted as a part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) and went into effect on October 17, 2005. *See* Pub. L. 109–8 (2005).

3

indicates that the section is applicable only to cases originally filed under Chapter 7 of the Bankruptcy Code, not to cases converted from Chapter 13. The U.S. Trustee counters that the Debtors' reading of 11 U.S.C. § 707(b)(1) is unsustainable in light of the statutory context and the inevitable results of not applying the section to all cases under Chapter 7 of the Bankruptcy Code. The Court finds the U.S. Trustee's interpretation of 11 U.S.C. § 707(b) to be most in keeping with the language and purposes of the Bankruptcy Code.

The U.S. Trustee advances four arguments to support his interpretation of 11 U.S.C. § 707(b). First, the U.S. Trustee argues that the Debtors misread the critical phrase "filed by an individual debtor under this chapter" such that "filed" modifies "under this chapter," when in actuality "filed" modifies "by an individual debtor." Second, the U.S. Trustee contends that, regardless of which clause is modified by the word "filed," numerous courts have held that the term "filed" incorporates the concept of conversion from one chapter to another. Third, other provisions of 11 U.S.C. § 707 explicitly except certain types of Chapter 7 cases from dismissal. The U.S. Trustee maintains that these explicit exceptions show that Congress knew how to create exceptions to the Means Test when it desired to do so. Fourth, the Debtors' reading would create two categories of Chapter 7 cases for similarly situated debtors, some of whom would be subject to the Means Test and some who would not. Each of these arguments will be addressed in turn.

I

"Our interpretation of the Bankruptcy Code starts 'where all such inquiries must begin: with the language of the statute itself.'" *Ransom v. FIA Card Servs., N.A.*, 131 S. Ct. 716, 723 (2011) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)). The first principle of statutory interpretation is to read the plain meaning of the language in the statute. "[W]hen the statute's language is plain, the sole function of the courts—at least where the

4

disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (internal quotation marks and citations omitted). Congress, it is presumed, means what it says and says what it means; accordingly, courts confronting statutory phrases with clear meanings must give them these clear meanings.

Unfortunately, the critical language in 11 U.S.C. § 707(b) does not succumb to one unambiguous reading. The Debtors contend that the word "filed" in the phrase "a case filed by an individual debtor under this chapter" modifies both "by an individual debtor" and "under this chapter." By this reading, 11 U.S.C. § 707(b) applies only to cases "filed . . . under this chapter," referring to cases originally filed under Chapter 7 of the Bankruptcy Code. On the contrary, the U.S. Trustee argues that the word "filed" only modifies the clause "by an individual debtor" and is irrelevant to the clause "under this chapter." According to this reading of the statute, the chapter under which a debtor originally files a bankruptcy petition is irrelevant and 11 U.S.C. § 707(b) applies regardless, so long as the debtor is an individual.

Both of these readings of § 707(b)'s critical language are coherent, grammatically sound, and completely plausible. Thus, the Court cannot rely solely on the plain meaning of 11 U.S.C. § 707(b), as it does not have a singular meaning. The Court must turn to other canons of statutory construction to interpret the phrase. Second only to the plain meaning rule for statutory interpretation is the principle that, absent an indication to the contrary, words and phrases that appear repeatedly in a statute are presumed to have the same meaning throughout. *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007); *Vielma v. Eureka Co.*, 218 F.3d 458, 465 (5th Cir. 2000).

Sections 1112(b)(1),[4] 1208(b),[5] and 1307(b)[6] of the Bankruptcy Code all contain language that is similar to 11 U.S.C. § 707(b). Each of these sections, like § 707(b) of the Bankruptcy Code, is the corresponding "Conversion or Dismissal" provision for its respective chapter of the Bankruptcy Code. Each of these sections includes the phrase "dismiss a case under this chapter" but without the additional language found in § 707(b) referencing who filed the case or under which chapter the case was filed.[7] Sections 1112(b)(1), 1208(b), and 1307(b) of the Bankruptcy Code permit the court to dismiss *any* case *pending* under the respective chapter, not just cases *filed* under the respective chapter.

The U.S. Trustee argues convincingly that the absence of the phrase "filed by an individual debtor" from the pertinent language in §§ 1112(b)(1), 1208(b), and 1307(b) of the Bankruptcy Code that is otherwise identical to the language in § 707(b) of the Bankruptcy Code indicates Congress intended for the word "filed" to modify only the clause "by an individual debtor" in 11 U.S.C. § 707(b). This Court agrees. By inserting the clause "filed by an individual debtor" in the middle of the phrase "dismiss a case under this chapter" in 11 U.S.C. § 707(b), Congress intended to restrict only the types of Chapter 7 cases that courts can dismiss for abuse. Dismissal under 11 U.S.C. § 707(b) is limited to cases filed by individuals, as opposed to Chapter 7 cases filed by corporations or other qualified business entities. Such a reading

---

[4] Section 1112(b)(1) of the Bankruptcy Code provides in pertinent part that "the court shall convert *a case under this chapter* to a case under chapter 7 or dismiss *a case under this chapter*, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C § 1112(b)(1) (emphasis added).

[5] Section 1208(b) of the Bankruptcy Code provides in pertinent part that "[o]n request of the debtor . . . the court shall dismiss *a case under this chapter*." 11 U.S.C § 1208(b) (emphasis added).

[6] Section 1307(b) of the Bankruptcy Code provides in pertinent part that "[o]n request of the debtor . . . the court shall dismiss *a case under this chapter*." 11 U.S.C § 1307(b) (emphasis added).

[7] *Compare* "the court *shall* [convert or] *dismiss a case under this chapter*," 11 U.S.C. § 1112(b)(1), "the court *shall dismiss a case under this chapter*," 11 U.S.C. § 1208(b), and "the court *shall dismiss a case under this chapter*," 11 U.S.C. § 1307(b) *with* "the court *shall dismiss a case* filed by an individual debtor *under this chapter*." 11 U.S.C. § 707(b)(1).

6

comports with the dismissal provisions contained in other chapters of the Bankruptcy Code, which do not limit the type of debtor whose case can be dismissed.

In reaching this conclusion, the Court respectfully disagrees with the decision rendered in *McDow v. Dudley*. There the court held that 11 U.S.C. § 707(b) does not apply to cases converted to Chapter 7 from another chapter of the Bankruptcy Code. *McDow v. Dudley (In re Dudley)*, 405 B.R. 790 (Bankr. W.D. Va. 2009). In *Dudley*, the U.S. Trustee argued that the "last antecedent doctrine" should be employed to interpret 11 U.S.C. § 707(b). That doctrine provides that "a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Branigan v. Bateman (In re Bateman)*, 515 F.3d 272, 277 (4th Cir. 2008) (internal quotation marks omitted) (quoting *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003)). The U.S. Trustee argued that a proper application of the "last antecedent doctrine" to the phrase "a case filed by an individual debtor under this chapter" in 11 U.S.C. § 707(b)(1) mandates that the words "under this chapter" modify only the word "debtor." *Dudley*, 405 B.R. at 793.

The court in *Dudley* rejected this argument, finding that the U.S. Trustee's argument rendered the phrase "under this chapter" superfluous. *Id.* at 794. The court reasoned that "Congress could have excluded the phrase "under this chapter" and achieved the same result." *Id*. Furthermore, the court found that "reading 'under this chapter' to modify 'filed' is consistent with the Fourth Circuit's reasoning in *Branigan v. Bateman*." *Id*.

This Court takes no issue with this line of reasoning. It merely observes that "under this chapter" could just as easily modify "case" under the same logic. The very fact that the "last antecedent doctrine" can be applied to the critical phrase in 11 U.S.C. § 707(b) in myriad ways compels the Court to look beyond the language employed in § 707(b) of the Bankruptcy Code

7

and examine how the identical phrase is used in the context of other provisions of the Bankruptcy Code. The Court is convinced that the absence of "filed by an individual debtor" from §§ 1112(b)(1), 1208(b), and 1307(b) of the Bankruptcy Code demonstrates that Congress intended for those words to have a particular impact in § 707(b). The Court agrees with the U.S. Trustee that that impact is to limit dismissals under 11 U.S.C. § 707(b)(1) to cases filed by individual debtors, not to exclude from dismissal cases converted from other chapters.

II

Regardless of the proper grammatical interpretation of 11 U.S.C. § 707(b), other case law indicates that the term "filed" readily incorporates the concept of conversion. The Court agrees with the majority of courts that have examined the issue in finding that debtors who convert their cases "are deemed to have 'filed under' the *converted to* chapter, as of the date the original petition was filed." *In re Perfetto*, 361 B.R. 27, 30–31 (Bankr. D.R.I. 2007) (italics in original); *see also Fokkena v. Chapman (In re Chapman)*, 2011 Bankr. LEXIS 748 (B.A.P. 8th Cir. Mar. 11, 2011). Several recent cases in the Fourth Circuit agree. *See McDow v. Sours (In re Sours)*, 350 B.R. 261 (Bankr. E.D. Va. 2006); *McDow v. Capers (In re Capers)*, 347 B.R. 169 (Bankr. D.S.C. 2006); *but see Dudley*, 405 B.R. at 796–97 (finding that 11 U.S.C. § 348(a) does not mandate that a converted case be deemed to have been filed under the new chapter).

Section 348 of the Bankruptcy Code addresses the effect of conversion in any bankruptcy case. It is this section that the majority of courts have construed to mandate that the term "filed" incorporates converted cases. In *Sours*, Judge St. John explained that "[t]he case law interpreting this particular section in [the Fourth Circuit] and others overwhelmingly states that the date of filing, and not the date of conversion, is controlling in a bankruptcy case." *Sours*, 350 B.R. at 267–68. Moreover, while the second clause in § 348(a) explains that conversion does not affect

8

the date of filing, the majority of courts have held that 11 U.S.C. § 348(a) does not merely address issues of timing. In fact, the court in *Capers* held that "[t]his section does not change the filing date of the case but rather the converted case is deemed to be filed under the chapter to which the case is converted." *Capers*, 347 B.R. 171–72. The Court adopts this reasoning and agrees that 11 U.S.C. § 348(a) changes the chapter under which converted cases were filed to the chapter to which the case was converted. Therefore, the pertinent language in 11 U.S.C. § 707(b)(1) applies equally to cases converted to Chapter 7 of the Bankruptcy Code just as it applies to cases originally filed under Chapter 7 of the Bankruptcy Code.

At the Hearing, the Debtors raised concerns about the specific applicability of the language of 11 U.S.C. § 348(a) to an interpretation of 11 U.S.C. § 707(b). The Court notes that the operative provision in § 348(a) of the Bankruptcy Code does not directly address filing: "Conversion of a case from a case under one chapter of this title to a case under another chapter of this title *constitutes an order for relief* under the chapter to which the case is converted . . . ."[8] 11 U.S.C. § 348(a) (emphasis added). The Debtors argue that had Congress intended for conversion of a case to specifically alter under which chapter the case was "filed," it could have done so directly within § 348 of the Bankruptcy Code.

Although the language in § 348(a) of the Bankruptcy Code does differ from that found in § 707(b) of the Bankruptcy Code, it is nevertheless clear from other provisions of the Bankruptcy Code that the term "filed" incorporates converted cases. In fact, a reading of 11 U.S.C. § 301 akin to the mathematical transitive property of equality proves the point. Section 301(a) of the Bankruptcy Code states that "[a] voluntary case under a chapter of this title is *commenced* by the

---

[8] The dependent provision contained in § 348(a) of the Bankruptcy Code that immediately follows, "but [conversion] does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief," 11 U.S.C. § 348(a), only reinforces the applicability of § 348(a) of the Bankruptcy Code to the interpretation of 11 U.S.C. § 707(b) advanced by this Court.

9

*filing* with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301(a) (emphasis added). In other words, filing a voluntary petition equates to the commencement of a case. Subsection (b) of § 301 of the Bankruptcy Code completes the proof: "The *commencement* of a voluntary case under a chapter of this title *constitutes an order for relief* under such chapter." Thus, commencement equals an order for relief. Logic dictates that filing a voluntary petition constitutes an order for relief. Section 348(a) states that conversion "constitutes an order for relief under the chapter to which the case is converted . . . ." 11 U.S.C. § 348(a). Therefore, the language used in 11 U.S.C. § 348(a) does not preclude its relevance to interpreting 11 U.S.C. § 707(b). This Court concurs with the majority rule that an application of § 348(a) of the Bankruptcy Code mandates that the term "filed under" incorporates the term "converted to."

### III

Just as some provisions of the Bankruptcy Code indicate that Congress intended to allow dismissal under 11 U.S.C. § 707(b)(2)(A)–(C) for converted cases, an examination of 11 U.S.C. § 707(b)(2)(D) shows that Congress knew how to exclude particular types of bankruptcy cases from being dismissed. Notably, converted cases are not included in 11 U.S.C. § 707(b)(2)(D). Instead, Congress expressly stated that 11 U.S.C. § 707(b)(2)(A)–(C) "shall not apply, and the court may not dismiss or convert a case based on any form of means testing" if the debtor is a disabled veteran whose debts were incurred while on active duty or in a period thereafter. 11 U.S.C. § 707(b)(2)(D). The language of 11 U.S.C. § 707(b)(2)(D) is firm—"shall not apply"— and the exclusion—disabled veterans who accumulated indebtedness during a limited timeframe—is discrete. Such a deliberately defined exclusion suggests that Congress intended only for individual debtors who fit the specific criteria set forth in 11 U.S.C. § 707(b)(2)(D) to be

exempt from the dismissal provisions of the Means Test.  Congress did not carve out a similar exception for cases converted to Chapter 7 of the Bankruptcy Code.

IV

Lastly, the Court cannot ignore the practical consequences of reading 11 U.S.C. § 707(b) to exclude cases converted to Chapter 7 of the Bankruptcy Code from another chapter of the Bankruptcy Code as exempt from dismissal via the Means Test.  Doing so would create two classes of similarly situated debtors—those who had filed under Chapter 7 of the Bankruptcy Code originally and those who had converted to Chapter 7 from another chapter of the Bankruptcy Code.  Debtors who file under Chapter 7 of the Bankruptcy Code initially would be subject to three dismissal provisions for abuse under 11 U.S.C. § 707(b), specifically the Means Test of § 707(b)(2)(A), bad faith dismissal under § 707(b)(3)(A), and dismissal based on the totality of the circumstances under § 707(b)(3)(B),[9] as well as dismissal for cause under § 707(a) of the Bankruptcy Code.  Debtors who filed under a different chapter of the Bankruptcy Code and subsequently converted to Chapter 7 would only be subject to 11 U.S.C. § 707(a).

Section 707(a) of the Bankruptcy Code permits—but does not require—a court to dismiss a case for cause.  11 U.S.C. § 707(a).  The statute suggests three possible grounds—unreasonable delay, nonpayment of fees, and failure to file schedules and statements—but leaves open the possibility of other grounds.  Debtors argue that if courts read 11 U.S.C. § 707(b)(1) to exclude cases converted to Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 707(a) will still provide a method for dismissal if the court finds cause to do so.  The section states that "[t]he court may

---

[9] The latter two grounds for dismissal are available when the Means Test presumption of abuse under 11 U.S.C. § 707(b)(2)(A)(i) does not arise or is rebutted by the debtor(s).  The interpretation of 11 U.S.C. § 707(b)(1) affects 11 U.S.C. § 707(b)(3) as well, so these grounds for dismissal would also be off limits to debtors who convert to Chapter 7 under the Debtors' reading.

11

dismiss a case under this chapter . . ." without the additional restriction of the word "filed." 11 U.S.C. § 707(a).

This argument is misguided. Congress intentionally drafted 11 U.S.C. § 707(b) to provide a route for dismissing cases of individual debtors with a current monthly income in excess of the applicable state median family income threshold. Prior to the 2005 BAPCPA amendments, 11 U.S.C. § 707(b) allowed courts discretion to dismiss an individual debtor's case for "substantial abuse." The BAPCPA amendments largely removed that discretion and replaced it with the Means Test. Nevertheless, BAPCPA retained the concept in 11 U.S.C. § 707(b) that "abuse" was a separate and distinct ground for dismissal, not encompassed within "cause" as defined in 11 U.S.C. § 707(a). *Cf. In re Cecil*, 71 B.R. 730, 733 (Bankr. W.D. Va. 1987) ("[T]his Court declines to now include 'substantial abuse' as cause for dismissal under *11 U.S.C. § 707(a)*. To hold otherwise would seem to permit a creditor to accomplish under *§ 707(a)* that which Congress intended to reserve solely to the bankruptcy court under *§ 707(b)*.").

Courts have treated 11 U.S.C. § 707(a) and 11 U.S.C. § 707(b) as mutually exclusive avenues towards dismissal, the former for "cause" and the latter for "abuse," as defined by the Means Test. Under the Debtors' interpretation of 11 U.S.C. § 707(b)(1), individual debtors who convert to Chapter 7 would have a mechanism to bypass the Means Test altogether. Such disparate treatment, based solely on the chapter under which a debtor originally filed, is absurd. After all, 11 U.S.C. § 1307(a) gives a debtor the absolute right to convert a case filed under Chapter 13 of the Bankruptcy Code to a case under Chapter 7. Taken to the logical extreme, any debtor whose total indebtedness fits within the limits of 11 U.S.C. § 109(e) could theoretically file for Chapter 13 protection and thereafter convert to Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1307(a). In so doing, the debtor could bypass the Means Test

12

completely and seek a discharge of his or her debts, regardless of the debtor's ability to pay back creditors via a Chapter 13 plan. Such a result runs contrary to the intent of Congress (as expressed in the BAPCPA amendments) and the dictates of a coherent statutory framework.

## Conclusion

Based on the foregoing reasons, this Court holds that 11 U.S.C. § 707(b)(1) applies to cases converted to Chapter 7 from a different chapter of the Bankruptcy Code. Accordingly, the Court finds that the Means Test is applicable to the Debtors' bankruptcy case and that the U.S. Trustee appropriately filed the Statement of Abuse.

A separate order shall issue.

ENTERED: _____

       /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE